UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | Case No. 24-cv-07541-NW |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND** |
| BAY STONE DEPOT, INC., et al., | |
| Defendants. | Re: ECF Nos. 18, 44 |

On December 23, 2024, Defendant Bay Stone, Inc. ("Bay Stone") filed a motion to stay. ECF No. 18. On April 7, 2025, Plaintiff Atain Specialty Insurance Company ("Atain") filed a motion for judgment on the pleadings. ECF No. 44. Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the hearings set for May 21, 2025. The Court DENIES the motion to stay without prejudice and GRANTS the motion for judgment on the pleadings with leave to amend.

I.      BACKGROUND

A.      Factual History

Defendant "Bay Stone is dealer of fine stone, granite, glass, and tile with a showroom" in San Jose, California. Mot. to Stay at 8, ECF No. 18. Bay Stone is owned by a single individual, has 12 employees, and has been in business since 2004. *Id.*

Plaintiff Atain "is a surplus lines insurer approved by the California Department of Insurance." Compl. ¶ 4, ECF No. 1. Atain issued "Policy No. CIP471150 ("Policy") to Bay Stone for the policy period April 17, 2024 through April 17, 2025." *Id.* ¶ 26. The Policy provides liability coverage to Bay Stone "under Commercial General Liability Coverage Form CG 00 01 (04/13)" ("Form"). *Id.* ¶ 27. The Form states that the insurance covers "bodily injury" and that

United States District Court
Northern District of California

Atain "will have the right and duty to defend the insured against any 'suit' seeking those damages." *Id.* ¶ 27. The insurance only covers "'bodily injury' . . . that occurs during the policy period," is "caused by an 'occurrence,'" and that "takes place in the 'coverage territory.'" Compl. Ex. E ("Form") at Section I – Coverages, ECF No. 1-5. "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person." *Id.* at Section V – Definitions.

The Form contains exclusions that modify Bay Stone's insurance coverage. *See generally* Compl. Ex. E. One exclusion, titled the "Total Pollution Exclusion with Hostile Fire Exception," modifies Bay Stone's insurance to exclude "'Bodily Injury', 'Property Damage', 'Personal and Advertising Injury' caused by or arising out of in whole or in part, the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." Compl. ¶ 30. "Pollutants" include "any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste." *Id.*

In addition, the Form includes an "Absolute Silica or Silica Related Dust Exclusion." *Id.* ¶ 29. This excludes "'bodily injury' . . . arising out of the mining, manufacture, handling, use, ingestion, inhalation, absorption, distribution, sale, existence, abatement, 'enclosure', 'encapsulation' or removal of 'silica' or 'silica-related dust' in any form." *Id.* It also states:

> [Atain has] no duty to defend you or to investigate any "occurrence", "offense" or "suit" against you, which arises out of "silica", or "silica-related dust" in any form. If you investigate or defend any such "occurrence", "offense" or "suit", we have no duty to pay the expenses of the investigation or defense, nor do we have any duty to reimburse you.

*Id.* "Silica" is defined as "silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds." *Id.* "'Silica-related dust' means a mixture or combination of 'silica' and other dust or particles." *Id.*

Atain's request for a declaratory judgment and reimbursements arises out of a lawsuit filed by Kristian Ricardo Figueroa Lopez ("Lopez") and Maria Del Carmen Gonzalez ("Gonzalez") on January 18, 2024, against nearly 50 "manufacturers, suppliers, distributors, importers, brokers, and/or contractors of industrial stone products in San Francisco County titled *Lopez, et al. v. Architectural Surfaces, et al.*, Case No. CGC-243-611712 ('Underlying Action')." *Id.* ¶ 8; Compl.

United States District Court
Northern District of California

Ex. A ("FAC – Underlying Action"), ECF No. 1-1.  Lopez and Gonzalez seek relief under six causes of action: (1) Negligence; (2) Products Liability - Failure To Warn; (3) Products Liability - Design Defect; (4) Fraudulent Concealment; (5) Breach Of Implied Warranties; and (6) Loss Of Consortium.  *Id.* ¶¶ 1044-1158.  On June 24, 2024, Lopez and Gonzalez named Bay Stone (in place of a doe defendant) in the Underlying Action.  Compl. ¶ 10.

Generally, the complaint in the Underlying Action alleges that Lopez "worked as a cutter, fabricator, laminator of Defendants' artificial and natural stone products."  FAC – Underlying Action ¶¶ 67-68.  Lopez's work involved "install[ing] stone countertops fabricated from Defendants' artificial and natural stone products" and he "cut, ground, drilled, edged, polished, fabricated and installed Defendants' artificial stone and natural stone products for countertops for kitchens and bathrooms as an independent contractor."  *Id.* ¶ 68-69.  As part of this work, Lopez was "was exposed to toxic dust from Defendants' stone products."  *Id.*  Because Lopez "worked with inherently hazardous stone products," he was "exposed to and inhaled stone dust containing silica and other toxins and carcinogens, as well as artificial stone dust containing respirable crystalline silica (including quartz and cristobalite), metals (including aluminum, antimony, arsenic, chromium, cobalt, copper, iron, manganese, nickel, titanium, tungsten, and vanadium) and volatile organic compounds from polymeric resins and other binders (including phthalic anhydride, benzene, ethylbenzene, and toluene) from these products."  *Id.* ¶ 71.  Lopez's "exposure to silica, metals and other toxins within said stone products manufactured, distributed, supplied, contracted, and/or brokered by Defendants," caused Lopez to develop "lung disease characterized by pulmonary nodules, silicosis, pulmonary fibrosis, progressive massive fibrosis, and other forms of lung damage, and [led] to significantly increased risk of developing other silica-related diseases."  *Id.* ¶ 72.  He underwent a double lung transplant in October 2023.  *Id.*  Gonzalez is Lopez's spouse and she seeks relief for loss of consortium.  *Id.* ¶¶ 1157-1158.

On October 15, 2024, Bay Stone tendered defense of the Underlying Action to Atain.  Compl. ¶ 23.  "Atain agreed to provide Bay Stone with a defense to the Underlying Action subject to a full and complete reservation of rights."  *Id.* ¶ 24.  Atain appointed counsel and has incurred defense fees and costs related to the Underlying Action.  *Id.* ¶ 25.

United States District Court
Northern District of California

### B.    Procedural History

On October 30, 2024, Atain brought this action seeking a declaration of its rights against Bay Stone, Lopez, and Gonzalez.  *See* Compl.  Bay Stone answered on December 20, 2024, and asserted a number of affirmative defenses.  Ans., ECF No. 16.  The defenses include: (1) Failure to State a Claim, (2) Failure to Mitigate Damages, (3) Waiver, (4) Estoppel, (5) Bad Faith, (6) Mutual Mistake, (7) Unilateral Mistake, (8) Possibility of Coverage, (9) Declaratory Relief Improper, and (10) Violation of Cal. Ins. Code § 790.03.  *Id.*  Each affirmative defense is alleged with a single sentence in support.  *Id.*

On December 23, 2024, Bay Stone filed a motion to stay the case while the Underlying Action remains pending.  Mot. to Stay.  Atain opposed.  Opp'n to Stay, ECF No. 22.  Bay Stone submitted a reply in further support of its motion.  Reply ISO Stay, ECF No. 27

Because Lopez and Gonzalez never appeared, Atain requested that the Clerk enter default against them.  Mots. For Entry of Default, ECF Nos. 37, 36.  The Clerk entered default against Lopez and Gonzalez on February 18, 2025.  Clerk's Notice of Entry of Default, ECF No. 40.

Atain filed the instant motion for judgment on the pleadings on April 7, 2025.  Mot. for Judgment on the Pleadings ("JOP Mot."), ECF No. 44.  Bay Stone opposed the motion.  Opp'n to Mot. for Judgment on the Pleadings ("JOP Opp'n"), ECF No. 45.  Atain submitted a reply in further support of its motion.  Reply ISO Mot. for Judgment on the Pleadings ("JOP Reply"), ECF No. 47.

## II.    DISCUSSION

### A.    Motion to Stay

Bay Stone requests this case be stayed pursuant to the Court's inherent powers to stay proceedings as set forth in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).  Mot. to Stay at 11.

District courts have the "discretionary power to stay proceedings."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254).  This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis*, 299 U.S. at 254.  The Court may "find it is efficient for its own docket and the fairest course for the parties

United States District Court
Northern District of California

4

to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 863–64 (9th Cir. 1979)).

The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (citing *Landis*, 299 U.S. at 254–55).

### 1.    Possible Damage to Atain from Granting Stay

The Court finds the first *Landis* factor, the potential damage that may result from granting the stay, is neutral. Bay Stone argues that any prejudice to Atain is minimal because it "can recover the costs of defending Bay Stone after the Underlying Action—or Bay Stone's role in it— is resolved." Mot. to Stay at 12. Indeed, Atain includes a claim in this case for "full and complete reimbursement from Bay Stone of all such fees, costs, paid, incurred, or to be incurred, in connection with the defense" in the Underlying Action. Compl. ¶ 57. Atain disagrees that the harm to it will be only nominal. Opp'n to Stay at 8. It states, "[g]iven what appear to be massive defense costs involved in defending Bay Stone against the claims asserted in the Lopez Action the potential for prejudice to Atain cannot be overlooked." *Id.* In this respect, the Court disagrees. In this district, other courts have rejected this "same argument by an insurer, particularly because advancing defense costs is 'part of an insurer's obligation and costs of doing business.'" *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *5 (N.D. Cal. Feb. 12, 2019) (citing cases and quotations omitted); *United Specialty Ins. Co. v. Bani Auto Grp., Inc.*,

United States District Court
Northern District of California

No. 18-CV-01649-BLF, 2018 WL 5291992, at *5 (N.D. Cal. Oct. 23, 2018) (finding insurer "can be fully reimbursed for the funds it spends in defending [the insured] should such reimbursement be warranted"). The Court finds this factor does not weigh for or against a stay.

### 2.    Possible Hardship or Inequity to Bay Stone from Denying Stay

As to the second factor, the potential harm to Bay Stone from denying the stay, the Court finds that at this stage of the case, it is neutral. Bay Stone argues that it "would be prejudiced by being forced to litigate on two fronts—and for having to fight with its insurer using its own resources over the very protection it paid that insurer to provide." Mot. to Stay at 13. Many courts have found "such an argument insufficient to demonstrate prejudice." *United Specialty Insurance Company,* 2018 WL 5291992, at *6 (citing cases). Indeed, this argument is insufficient to demonstrate prejudice to Bay Stone given the advanced stage of the proceedings. This case began over six months ago. *See* Compl. Bay Stone has already answered. *See* Ans. At this point, Atain's motion for judgment on the pleadings is fully briefed and ready for adjudication. As such, Bay Stone's "two-front war" argument is uncompelling.

### 3.    Orderly Course of Justice

The Court finds the third and last of *Landis* factor, whether a stay will complicate or simplify the issues before it, weighs against a stay. While the parties agree that the essential (but not the only) question here is whether this Court will need to make factual and legal determinations in this case that overlap with factual and legal determinations that the state court must make in the Underlying Action, they disagree about the extent (if any) of the overlap. *See* Mot. to Stay at 14-18, Opp'n to Stay at 10-13, and Reply ISO Stay at 4-5. Atain argues there is no overlap; it maintains that the issues in the Underlying Action "do not bear upon the coverage issues presented in this" case. Opp'n to Stay at 10. Atain asserts that its "duty to defend is determined by comparing the allegations in the Complaints filed in the [Underlying] Action . . . with the Atain policy language." *Id.* (citing *Montrose Chem. Corp. v. Superior Ct.* ("*Montrose*"), 6 Cal. 4th 287, 297 (1993)). Bay Stone responds by stating that it "needs discovery to explore the alternative theories of liability asserted in the Underlying Action and potential coverage under the Policy," Reply ISO Stay at 4, presumably because the "factual allegations of the two lawsuits are

United States District Court
Northern District of California

6

inextricably intertwined." Mot. at 17.

Here, the Court agrees with Atain. Given the current state of the pleadings, including Bay Stone's answer with its claims and allegations against Atain, if any, framed thinly as affirmative defenses, there is no factual overlap between the issues in the Underlying Action and the issues in this action. Atain's duty to defend can be determined simply by adjudicating Atain's motion for judgment on the pleadings, which requires the Court to compare and analyze the complaint in the Underlying Action with the Policy. A stay would not conserve judicial resources.

Because two factors are neutral and the third weighs against a stay, the Court finds Bay Stone has not met its burden of establishing the need for a stay. Thus, the Court DENIES the motion to stay, without prejudice to renew it as discussed below.

### B.    Motion for Judgment on the Pleadings

Atain requests an order granting judgment on the pleadings in its favor on the grounds that it does not have a duty to defend or indemnify Bay Stone in the Underlying Action. JOP Mot. at 1-2.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss and "the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (internal quotation marks and citations omitted); *see also United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010) ("The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss."). The Court will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

A district court generally may not consider materials beyond the pleadings in evaluating a Rule 12(c) motion. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999). "A court may, however, consider certain materials—documents attached to the complaint,

United States District Court
Northern District of California

7

documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion" into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also* Fed. R. Civ. P. 10(c) (stating that "a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). However, a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." *Aponte-Torres v. Univ. Of Puerto Rico*, 445 F.3d 50, 54–55 (1st Cir. 2006). The pleadings as a whole include a defendants' answer. *See* Fed. R. Civ. P. 7(2); *see also Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (finding it proper to rely on the answer in an appeal from a judgment on the pleadings). A motion for judgment on the pleadings "may only be granted when the pleadings show that it is 'beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief.'" *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (citations omitted).

### 1.    Duty to Defend

As an initial matter, this Court applies "California law to resolve issues of state contract law" in a diversity action such as this. *Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1083 (9th Cir. 1999).

"[I]nterpretation of an insurance policy, like any other contract, is a matter of law." *Smyth v. USAA Prop. & Cas. Ins. Co.*, 5 Cal. App. 4th 1470, 1474 (1992) (citations omitted); *Anthem Elecs., Inc. v. Pac. Emps. Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir. 2002) ("An insurer has a very broad duty to defend its insured under California law."). "Coverage provisions are construed broadly in favor of the insured, while exclusion provisions are construed strictly against the insurer." *Id.* (citations omitted). Yet "strict construction does not mean strained construction" and courts "may not rewrite a policy to bind the insurer to a risk that it did not contemplate and for which it has not been paid." *Id.* (citations omitted). Thus, the "duty to defend arises only where there is potential coverage under the policy." *Id.* (citations omitted).

Generally, an "insured is entitled to a defense if the underlying complaint alleges the insured's liability for damages potentially covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy." *Montrose*, 6 Cal. 4th

United States District Court
Northern District of California

United States District Court
Northern District of California

at 299 (emphasis omitted). "[T]he existence of a duty to defend turns not upon the ultimate adjudication of coverage under its policy of insurance, but upon those facts known by the insurer at the inception of a third party lawsuit. . . . Hence, the duty 'may exist even where coverage is in doubt and ultimately does not develop.'" *Id.* at 295 (citations and quotations omitted).

"The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Id.* at 295 (citations omitted). The duty "is a continuing one, arising on tender of defense and lasting until the underlying lawsuit is concluded [citation], or until it has been shown that there is *no* potential for coverage." *Id.* (citations omitted). Any doubt about the duty to defend is resolved in favor of the insured. *Id.* at 299-300.

"On the other hand, if, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance." *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal. 4th 643, 655 (2005). In other words, the duty to defend does not arise "if the third party complaint *can by no conceivable theory raise a single issue which could bring it within the policy coverage.*" *Montrose*, 6 Cal. 4th at 300 (quoting *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276, fn. 15 (1966)) (emphasis in original).

Atain argues that it does not have a duty to defend Bay Stone in the Underlying Action for two reasons. JOP Mot. at 14-18. First, Atain argues that the Policy's "Absolute Silica or Silica-Related Dust Exclusion" excludes coverage for all the claims in the Underlying Action. *Id.* at 14-17. In the alternative, Atain argues that the Underlying Action's claims are excluded by the Policy's Total Pollution Exclusion. *Id.* at 17-18. Because the Court grants Atain's motion for judgment on the pleadings on the grounds that the Absolute Silica or Silica-Related Dust Exclusion precludes coverage in the Underlying Action, it does not address Atain's alternative argument.

### 2.    The Silica and Silica-Related Dust Exclusion

Atain argues that it does not owe Bay Stone a duty to defend it in the Underlying Action because the Policy "clearly and unambiguously excludes coverage for 'bodily injury' arising out of the ingestion, inhalation, absorption, or existence of 'silica' or 'silica-related dust'" and this

9

United States District Court
Northern District of California

"eliminates all potential for coverage for the claims asserted against Bay Stone." JOP Mot. at 17. Bay Stone argues that the Absolute Silica or Silica Related Dust Exclusion does not apply because the "Underlying Action alleges that Lopez was exposed to materials <u>other than</u> silica and suffered injuries <u>other than</u> silicosis." JOP Opp'n at 12 (emphasis in original).

In support, Bay Stone relies on *American Zurich Ins. Co. v. James N. Gray Co.¸* No. SACV 13-1966 AG (JPRx), 2014 WL 11430928 (C.D. Cal. July 25, 2014). In *American Zurich*, the court denied summary judgment because the plaintiffs in the underlying action "alleged that they were exposed not just to silica but to toxic chemical products 'contain[ing] significant concentrations of aromatic solvents, aliphatic solvent[s], nap[h]thenic solvents, chlorinated solvents, other organic solvents, silica, and other toxic chemicals.'" Opp'n at 11 (citing *American Zurich*, 2014 WL 11430928, at *1). Based on the allegations in the underlying action, the court held that the insurer could not avoid a duty to defend because of a silica exclusion. *Id.*

Atain counters by relying on *Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-CV-10047-MRA-MAA, 2025 WL 1090925 (C.D. Cal. Mar. 27, 2025).[1] Mot. at 14. In *Hanover*, the court compared the allegations in the underlying actions to the terms of a silica exclusion and entered "judgment on the pleadings in favor of the insurers because the allegations in the underlying actions were all focused on the risk of silica exposure, silicosis, and injuries related to silicosis that the insured's products allegedly posed." *Id.* at 15. Because "[t]hese bodily injuries, which arise from silica or silica-related dust, fall squarely within the bounds of coverage Plaintiffs sought to exclude from their Policies" there was no duty to defend or indemnify. *Hanover,* 2025 WL 1090925, at *5.

Here, the Court finds the instant action comparable to *Hanover*, not *American Zurich*. The primary injuries alleged in the Underlying Action are silicosis (caused by silica inhalation) and resulting complications from that disease. FAC – Underlying Action ¶ 71-72. The complaint in the Underlying Action contains a detailed history of silicosis, *id.* ¶¶ 84-108, and the artificial

---

[1] Atain asks the Court to take judicial notice of this case. Request for Judicial Notice at Ex. 2, ECF No. 45. The Court declines to do so and instead treats the case as it would any other legal authority.

United States District Court
Northern District of California

stone silicosis epidemic. *Id.* ¶¶ 122-135. It discusses how "[c]utting, grinding, drilling, chipping, edging, and/or polishing (collectively 'fabricating') stone products produces large amounts of respirable crystalline silica dust which stone fabrication workers inhale, typically causing chronic silicosis as well as lung cancer and various other silica-related diseases." *Id.* ¶ 56. The complaint spends pages discussing Australia's ban on the sale and use of artificial stone, called for by "silicosis victims, their families, workers, unions, physicians, regulators, and public health officials." *Id.* ¶¶ 136, 137-153. The complaint in the Underlying Action identifies a report by California Occupational Safety and Health Standards Board that warns of the dangers of "Occupational Exposures to Respirable Crystalline Silica" and includes a proposed emergency regulation "to protect workers in the stone fabrication industry from exposure to respirable crystalline silica." *Id.* ¶ 154. Indeed, the gravamen of the Underlying Action is on the dangers of exposure to crystalline silica that working with artificial stone presents. *See Hanover,* 2025 WL 1090925, at *5.

Moreover, comparing the allegations in the Underlying Action with the terms of the Policy leads to the conclusion that the injuries fall within the Absolute Silica or Silica Related Dust Exclusion. This provision excludes "'bodily injury' . . . arising out of the mining, manufacture, handling, use, ingestion, inhalation, absorption, distribution, sale, existence, abatement, 'enclosure', 'encapsulation' or removal of 'silica' or 'silica-related dust' in any form." Compl. ¶ 29. "Silica" is defined as "silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds." *Id.* "'Silica-related dust' means a mixture or combination of 'silica' and other dust or particles." *Id.* "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person." Compl. Ex. E at Section V – Definitions. The allegations against Bay Stone specifically concern the crystalline silica in Bay Stone's artificial stone product. *See* Ans. ¶ 11 (admitting that the Underlying Action "alleges that stone products distributed by Bay Stone included silica and crystalline silica"). The recovery sought against Bay Stone is based on bodily injuries, sickness, or disease caused by silica or silica-related dust or arising out of bodily injuries, sickness, or disease caused by silica or silica-related dust. The Policy exclusion is clear: these injuries, sicknesses, or diseases are not covered. *Montrose*, 6 Cal.

11

4th at 297 (stating that "insurer is not required to defend an action against the insured when the complaint in that action shows on its face that the injury complained of is not only not covered by, but is excluded from the policy").

The Policy's Absolute Silica or Silica-Related Dust Exclusion provision precludes coverage in the Underlying Action. As such, Atain does not have a duty to defend Bay Stone in the Underlying Action.

### 3.    Leave to Amend

"A court has discretion to permit leave to amend in conjunction with a Rule 12(c) motion and may dismiss causes of action rather than grant judgment." *Sec. & Exch. Comm'n v. Payward, Inc.*, 763 F. Supp. 3d 901, 907 (N.D. Cal. 2025). "If a court grants a motion for judgment on the pleadings, leave to amend should be granted unless such amendment would be futile." *Id.* (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)).

In its opposition, Bay Stone argues "that each of the affirmative defenses in its Answer provides a basis to deny Atain's motion." JOP Opp'n at 14. For instance, Bay Stone's Tenth Affirmative Defense alleges that "Atain's acts or omissions constitute a violation of California Insurance Code §790.03," which prohibits unfair or deceptive practices by insurers, including mispresenting policy provisions or coverages at issue. Ans.; Cal. Ins. Code § 790.03(h)(1). Bay Stone also identifies, in its Sixth and Seventh Affirmative Defenses, Mutual and Unilateral Mistake as grounds to deny Atain's motion. JOP Opp'n at 14.

In short, Bay Stone asserts that its affirmative defenses demonstrate a factual dispute. *Id.* at 15. Bay Stone argues, but does not allege, that it "would be severely aggrieved if the insurance coverage it thought it had acquired from Atain was snuffed out because of Bay Stone's mistake in relying on the proposals or recommendations of Atain (or its insurance broker) regarding that coverage." *Id.* Bay Stone suggests in its Opposition, but not its Answer, that Atain engaged in

United States District Court
Northern District of California

deceptive practices by selling insurance to a company that distributes stone and tile products containing silica a policy that excludes the "very type of insurance coverage that Bay Stone might reasonably need." *Id.*

Even if Bay Stone were to properly allege these claims in an amended pleading, it will not change the language of the Policy or its exclusions in relation to the Underlying Action. But, such properly alleged claims may raise issues that are inextricably linked to Atain's claim, and perhaps to the Underlying Action, and may therefore need to be litigated simultaneously for collateral estoppel purposes. However, Bay Stone's affirmative defenses, as currently pleaded, do not sufficiently raise these issues, despite Bay Stone's arguments in its Opposition.

Accordingly, the Court GRANTS Bay Stone leave to amend its answer. Because subsequent motion practice could alter the analysis regarding a potential stay, the Court DENIES the stay motion without prejudice to renew it.

### 4.    Requests for Judicial Notice

In support of its motion to stay, Bay Stone requests judicial notice of several facts. Bay Stone Request for Judicial Notice at 2, ECF No. 19. In support of its motion for judgment on the pleadings, Atain attaches several exhibits, arguing that the Court should consider them because they are subject to judicial notice. Atain Request for Judicial Notice at 1. The Court declines to rule on either Bay Stone's or Atain's requests for judicial notice, as the Court did not rely on any of these documents in resolving the present motions.

## III.    CONCLUSION

The Court DENIES Bay Stone's motion to stay without prejudice, and GRANTS Atain's motion for judgment on the pleadings with leave to amend. Bay Stone shall file its amended answer within 21 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: May 19, 2025

_____

Noël Wise
United States District Judge