UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ATAIN SPECIALTY INSURANCE
COMPANY,

Plaintiff,

v.

BAY STONE DEPOT, INC., et al.,

Defendants.

Case No. 24-cv-07541-NW

**ORDER DENYING RENEWED
MOTION FOR JUDGMENT ON THE
PLEADINGS**

Re: ECF No. 51

On July 8, 2025, Plaintiff Atain Specialty Insurance Company ("Atain") filed a motion for judgment on the pleadings. ECF No. 51. Having considered the parties' briefs and the relevant legal authority, the Court concluded oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b) and DENIES the motion.

## I.      BACKGROUND

The factual background of this case has been outlined in a previous order and will not be repeated in detail here. *See* ECF No. 48.

On May 19, 2025, the Court granted Atain's first motion for judgment on the pleadings with leave to amend, allowing Defendant Bay Stone Depot, Inc. ("Bay Stone") to amend its affirmative defenses. *Id.* Bay Stone filed an amended answer on June 9, 2025. Am. Ans., ECF No. 50. In its amended answer, Bay Stone asserted numerous affirmative defenses: (1) Failure to State a Claim, (2) Failure to Mitigate Damages, (3) Waiver, (4) Estoppel, (5) Bad Faith, (6) Mutual Mistake, (7) Unilateral Mistake, (8) Unconscionability, (9) Possibility of Coverage, (10) Declaratory Relief Improper, and (11) Violation of Cal. Ins. Code § 790.03. *Id.* As compared to Bay Stone's original answer to the complaint, Bay Stone's amended answer adds an affirmative defense for unconscionability and augments its allegations in support of the following affirmative

defenses: (2) Failure to Mitigate Damages, (5) Bad Faith, (6) Mutual Mistake, (7) Unilateral Mistake, (9) Possibility of Coverage, (10) Declaratory Relief Improper, and (11) Violation of Cal. Ins. Code § 790.03.

Atain filed the instant motion for judgment on the pleadings on July 8, 2025, with a request for judicial notice.[1] Mot. for J. on the Pleadings ("Mot."), ECF No. 51, Req. for Judicial Notice ("RJN"), ECF No. 52. Bay Stone opposed. Opp'n, ECF No. 53. Atain filed its reply on July 29, 2025. Reply, ECF No. 54.

## II.     LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when . . . there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss and "the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (internal quotation marks and citations omitted); *see also United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010) ("The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss."). The Court will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, "a plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or affirmative defenses." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1159 (9th Cir. 2015); *see also Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228 (9th Cir. 1989).

United States District Court
Northern District of California

---

[1] The Court denies without prejudice Atain's request for judicial notice because the Court did not rely on those documents in resolving the present motion.

**III.    DISCUSSION**

Atain argues that Bay Stone's affirmative defenses fail to raise factual issues that, "if proved, would defeat Atain's request for declaratory relief." Mot. at 18.[2]  Bay Stone disagrees and argues that its "amended answer raises factual issues which are inextricably linked to Atain's claim for a declaratory judgment to be relived of its duty to defend and indemnify Bay Stone." Opp'n at 7.  The Court agrees with Bay Stone for the reasons stated below.

While Atain argues that none of Bay Stone's eleven affirmative defenses raise factual issues, Bay Stone only addresses the following affirmative defenses in its opposition: (5) Bad Faith, (6) Mutual Mistake, (7) Unilateral Mistake, (8) Unconscionability, (10) Declaratory Relief Improper, and (11) Violation of Cal. Ins. Code § 790.03.  *See* Opp'n at 12-19.  As such, the Court will only consider these defenses in its analysis.  If any one of Bay Stone's affirmative defenses raise factual issues, then Atain's motion for judgment on the pleadings should be denied.  *Pit River Tribe*, 793 F.3d at 1159.  Thus, because the Court finds that several of Bay Stone's affirmative defenses raise factual issues, Atain's motion is DENIED in full.

**A.    Affirmative Defenses 5 (Bad Faith) and 11 (Violation of Cal. Ins. Code § 790.03)**

In support of its affirmative defenses of bad faith and violation of Cal. Ins. Code § 790.03, Bay Stone alleges the following:

- In 2022, Bay Stone applied for general liability insurance coverage through its insurance broker and was provided with a quote for insurance through Atain.

- "Atain was aware of the nature of Bay Stone's business." Am. Ans. at 9, 18.

- "The insurance quote from Atain listed all forms, endorsements and exclusions included in the policy," including the "Silica Or Silica Related Dust Exclusion."  Am. Ans.  at 9, 18.

- However, the quote did not include "the actual language of any of the provisions of the proposed insurance policy and, specifically, does not include the language of any of the exclusions."  Am. Ans. at 9, 18.

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

- Bay Stone alleges it did not review the language of any of the exclusions or any of the other policy provisions.

- Having no other choice, Bay Stone agreed to Atain's coverage.

- After agreeing to Atain's coverage, Bay Stone "received a binder for the policy, which listed all policy forms, endorsements, and exclusions—including the Silica Or Silica Related Dust Exclusion." Am. Ans. at 9, 18.

- However, the binder Bay Stone received "did not include the actual language of any of the provisions of the proposed insurance policy and, specifically, does not include the language of any of the exclusions[,]" which again prevented Bay Stone from being able to review the policy language. Am. Ans. at 9, 18.

- Bay Stone alleges it "had every expectation that the insurance policies it purchased from Atain would include coverage for damages caused by any allegedly hazardous materials that Bay Stone routinely sold or distributed and never conceived that Atain would sell it an expensive insurance policy over multiple years that contained certain exclusions that supposedly eliminated the very type of insurance coverage that Bay Stone might reasonably need." Am. Ans. at 9-10, 18-10.

*See also* Am. Ans. at 8-10 (bad faith), 17-19 (violation of Cal. Ins. Code § 790.03).

California Insurance Code defines the "bad faith" affirmative defense as a prohibition on insurers "[k]nowingly . . .[m]isrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue." Cal. Ins. Code § 790.03(h)(1). An insurer has "the duty reasonably to inform an insured of the insured's rights and obligations under the insurance policy." *Davis v. Blue Cross of N. Cal.*, 25 Cal. 3d 418, 428 (1979). This is particularly true when "an insured's lack of knowledge may potentially result in a loss of benefits or a forfeiture of rights." *Id.* In those circumstances, an insurer is "required to bring to the insured's attention relevant information so as to enable the insured to take action to secure rights afforded by the policy." *Id.*

Atain argues that whether it "acted in bad faith or violated California's claims handling standards is not relevant to the determination of whether Atain's duties to defend and indemnify

4

exist." Mot. at 20. Atain reasons that, "[i]f no coverage exists, Bay Stone has no separate claim for bad faith or violation of Cal. Insurance Code section 790.03." *Id.* In support, Atain quotes *Waller v. Truck Ins. Exch., Inc.*, which states "[i]t is clear that if there is no *potential* for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." 11 Cal. 4th 1, 36 (1995), *as modified on denial of reh'g* (Oct. 26, 1995) (emphasis in original). Bay Stone does not address this argument in its opposition, nor does Atain re-visit it in its reply.

Instead, Atain spends the bulk of its motion and reply arguing that it did not act in bad faith. Atain's very reasoning demonstrates why its motion for judgment on the pleadings is denied. Whether Atain acted in bad faith raises factual issues that make judgment on the pleadings inappropriate. *Pit River Tribe*, 793 F.3d at 1159 ("a plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or affirmative defenses"). At this stage of the case, it is not "clear that [] there is no potential for coverage" because Bay Stone's affirmative defenses, including those for bad faith and violation of Cal. Ins. Code § 790.03 among others, raise issues of fact. *Waller*, 11 Cal. 4th at 36.

**B.      Affirmative Defenses 6 (Mutual Mistake) and 7 (Unilateral Mistake)**

In support of its affirmative defenses for mutual mistake and unilateral mistake, Bay Stone alleges the following:

- "Bay Stone purchased liability insurance coverage for its business operations from Atain." Am. Ans. at 10, 12.

- At the time, Atain was "knowledgeable about the nature of Bay Stone's business." Am. Ans. at 11, 12.

- "Bay Stone had every expectation that the insurance policies it purchased from Atain would include coverage for damages caused by any allegedly hazardous materials that Bay Stone routinely sold or distributed and never conceived that Atain would sell it expensive insurance policies over multiple years that contained certain exclusions that supposedly eliminated the very type of insurance coverage that Bay Stone might reasonably need."

5

Am. Ans. at 11, 13.

- Atain "failed to inform Bay Stone that certain exclusions in its policies might bar the very insurance coverage that Bay Stone might reasonably need." Am. Ans. at 11, 13.

- Thus, "at the time it purchased the insurance policies from Atain, Bay Stone mistakenly believed that those policies included coverage for damages caused by allegedly hazardous materials that Bay Stone routinely sold or distributed." Am. Ans. at 11, 13.

- "Atain was aware of Bay Stone's belief regarding the insurance coverage that it purchased" and "never called out or otherwise notified Bay Stone regarding the true nature, extent and limitations of its exclusions so that Bay Stone could make an informed decision regarding the coverage that it purchased." Am. Ans. at 11, 13.

*See generally* Am. Ans. at 10-11 (mutual mistake) and 12-13 (unilateral mistake).

By statute, "[w]hen, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." Cal. Civ. Code § 3399. "[R]eformation of an insurance policy may be had, in general, where, by reason of fraud, inequitable conduct or mutual mistake, the policy as written does not express the actual and real agreement of the parties." *Am. Sur. Co. of N. Y. v. Heise*, 136 Cal. App. 2d 689, 695–96 (1955). "More particularly, if by inadvertence, accident, or mistake the terms of a contract of insurance are not fully or correctly set forth in the policy, it may be reformed in equity so as to express the actual contract intended by the parties, if the mistake is mutual." *Id.*

Atain argues that Bay Stone (1) fails to meet the federal pleading requirements for averments of fraud or mistake and (2) fails to identify any mutual mistake. Mot. at 22. Neither argument is availing.

First, while Bay Stone's allegations in support of its mistake defenses may not pass muster under Federal Rule of Civil Procedure 9(b), that is not the issue before the Court in Atain's motion for judgment on the pleadings. The only issue is whether Bay Stone's affirmative defenses raise

factual issues that defeat Atain's entitlement to judgment on the pleadings. Here, the Court finds that they do. For instance, if the allegations in Bay Stone's amended answer in support of its affirmative defenses for mutual or unilateral mistake are accepted as true, then reformation of the policy may be possible. Therefore, Bay Stone's affirmative defenses of mutual and unilateral mistake preclude issuing judgment on the pleadings in Atain's favor.

### C. Affirmative Defense 8 (Unconscionability)

In support of its affirmative defense of unconscionability, Bay Stone alleges the following:

- "[T]he choices for insurance coverage available for Bay Stone and small businesses in its industry are limited, and" Atain was aware of those limitations. Am. Ans. at 13.

- "[T]he terms are overwhelmingly one-sided in favor of Atain, the party with superior bargaining power." Am. Ans. at 13.

- In 2022, Bay Stone applied for general liability insurance coverage through its insurance broker and was provided with a quote for insurance through Atain.

- "Atain was aware of the nature of Bay Stone's business." Am. Ans. at 14.

- "The insurance quote from Atain listed all forms, endorsements and exclusions included in the policy," including the "Silica Or Silica Related Dust Exclusion." Am. Ans. at 14.

- However, the quote did not include "the actual language of any of the provisions of the proposed insurance policy and, specifically, does not include the language of any of the exclusions." Am. Ans. at 14.

- Bay Stone alleges it did not review the language of any of the exclusions or any of the other policy provisions.

- Having no other choice, Bay Stone agreed to Atain's coverage.

- After agreeing to Atain's coverage, Bay Stone "received a binder for the policy, which listed all policy forms, endorsements, and exclusions—including the Silica Or Silica Related Dust Exclusion." Am. Ans. at 14-15.

- However, the binder Bay Stone received "did not include the actual language of any of the provisions of the proposed insurance policy and, specifically, does not include the language of any of the exclusions[,]" which again prevented Bay Stone from being able to

United States District Court
Northern District of California

review the policy language. Am. Ans. at 15.

- Bay Stone alleges that it "had every expectation that the insurance policies it purchased from Atain would include coverage for damages caused by any allegedly hazardous materials that Bay Stone routinely sold or distributed and never conceived that Atain would sell it an expensive insurance policy over multiple years that contained certain exclusions that supposedly eliminated the very type of insurance coverage that Bay Stone might reasonably need." Am. Ans. at 15.

Am. Ans. at 14-15.

"If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." Cal. Civ. Code § 1670.5(a). "Under California law, unconscionability has both procedural and substantive elements, and both elements must be present for a court to invalidate a contract on the ground of unconscionability." *Baker v. Osborne Dev. Corp.*, 159 Cal. App. 4th 884, 894 (2008). There is a sliding scale relative to both components: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). The procedural element of unconscionability involves "oppression and surprise." *Baker*, 159 Cal. App. 4th at 894. Oppression occurs when the parties have unequal bargaining power and the party resisting the term lacks meaningful choice. *Id.* Surprise may arise "when challenged terms are hidden in a prolix printed form drafted by a party in a superior bargaining position." *Id.* (cleaned up).

Here, Bay Stone's affirmative defense for unconscionability raises factual issues, including whether the policy terms are procedurally or substantively unconscionable. As such, Atain's motion for judgment on the pleadings on this issue is DENIED.

\ \ \

\ \ \

United States District Court
Northern District of California

8

**D. Affirmative Defense 10 (Declaratory Relief Improper)**

Finally, Bay Stone alleges, in its tenth affirmative defense, that Atain's complaint for declaratory relief is improper because there are "issues with the Underlying Action that need to be sorted out before Atain can be granted declaratory relief." Opp'n at 18. The Court finds this defense duplicative of Bay Stone's general defense against Atain's complaint and does not raise unique factual issues.

## IV. CONCLUSION

For the forgoing reasons, Atain's renewed motion for judgment on the pleadings is DENIED.

**IT IS SO ORDERED.**

Dated: September 17, 2025

Noël Wise
United States District Judge